UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MICHAEL TYBERG,

                Plaintiff,

07 CV 2262

Civil Action No.

COMPLAINT

JUDGE BRIEANT

- against -

ALBERT EINSTEIN COLLEGE OF MEDICINE OF
YESHIVA UNIVERSITY, ALBERT EINSTEIN
COLLEGE OF MEDICINE OF YESHIVA UNIVERSITY
COMMITTEE ON STUDENT PROMOTIONS AND
PROFESSIONAL STANDARDS, JAMES DAVID,
M.D., and ALLEN M. SPIEGEL, M.D.,

                Defendants.

----------------------------------------------------------------X

        Plaintiff, **MICHAEL TYBERG**, by his attorneys, Kroll, Moss & Kroll, LLP, brings this suit complaining of Defendants a violation of his due process rights and a violation of the Americans with Disabilities Act of 1990, 42 USCA Sections 12101 et seq. ("ADA"). In support of this Complaint, Plaintiff alleges:

## PARTIES

        1.    Plaintiff is an individual residing at 2026 East 12th Street, Apt. 2B, Brooklyn, N.Y., and was previously a matriculated medical student at Defendant school. Plaintiff has been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"), and is a qualified person as that term is defined under the ADA.

        2.    Albert Einstein College of Medicine of Yeshiva University is a medical school and public entity as defined under the ADA with business address at 1300 Morris Park Avenue, Bronx, N.Y ("AECOM").

3. Defendant Albert Einstein College of Medicine of Yeshiva University, Committee on Student Promotions and Professional Standards ("Committee") is a board of AECOM which is a public entity as defined under the ADA with business address located at 1300 Morris Park Avenue, Bronx, N.Y.

4. Defendant James David, M.D. ("David") is an individual, who holds the position of Associate Dean for Students of Albert Einstein College of Medicine, and is an agent of AECOM maintaining his office at 1300 Morris Park Avenue, Belfer Building Room 210, Bronx, N.Y.

5. Defendant Allen M. Spiegel, M.D. ("Spiegel") is an individual who holds the position of The Marilyn & Stanley M. Katz Dean of Albert Einstein College of Medicine and is an agent of AECOM maintaining his office at 1300 Morris Park Avenue, Bronx, N.Y.

## JURISDICTION

6. This Court has subject matter jurisdiction over this action pursuant to 28 USCA Section 1343 as this matter involves a claim arising under the ADA and federal constitution.

## VENUE

7. Pursuant to 28 USCA Section 1391(b), venue is proper in the District Court which this Complaint is filed which is the judicial district in which the claim has arisen.

## FACTUAL ALLEGATIONS

8. By letter dated June 28, 2002, Plaintiff was selected for admission

2

to Albert Einstein College of Medicine ("AECOM") and in August of 2002, Plaintiff was registered and commenced attending classes at AECOM.

9. On July 10, 2002, Plaintiff signed a Master Promissory Note for the Federal Stafford Loan Program and provided same to AECOM, so that federal loans could be procured based upon Plaintiff's status as a full time student.

10. During the school year of 2002/2003, Plaintiff failed a course, and Defendant put Plaintiff on a decelerated medical school program and required Plaintiff to re-take such failed exam in his second year of medical school.

11. Despite the deceleration program in which Defendant had placed Plaintiff which changed his status as a full time student, AECOM obtained federal loans in the amount of approximately $40,000.00 for the school year 2003/2004.

12. In March of 2004, Plaintiff failed an exam by 1/10 of a point and was directed to appear before the Defendant Committee herein.

13. After Plaintiff's appearance before the Defendant Committee in or about March, 2004, they ruled that Plaintiff should be summarily dismissed from AECOM.

14. After the above ruling, Plaintiff consulted Dr. Victor M. Solomon, a psychologist to discuss certain issues relating to concentration and attention to studies. Thereafter, Dr. Victor M. Solomon provided Plaintiff with a letter on Plaintiff's behalf, which was presented at an appeal Committee meeting, which reconsidered the prior Committee ruling.

15. In or about June, 2004, at the appeal Committee meeting, the prior Committee determination was revised to permit Plaintiff to continue with studies at AECOM, and conditioned such continued studies on no more failures of examinations.

16. Despite the letter from Dr. Victor M. Solomon, the Committee did not require or suggest any counseling of Plaintiff concerning organizational skills, or study techniques nor did the Committee suggest Plaintiff seek examination by a psychiatrist or even continue counseling with Dr. Victor M. Solomon.

17. The By-Laws of AECOM in effect at the time of the above proceedings provided that:

> "Failing three exams provokes "advisory status" for a student who will be formally counseled by staff of the Office of Education. Four or five failed exams provokes "review status" and further counseling. The sixth failed exam triggers a probationary status, and provokes appearing before the Committee. Seven exams is grounds for dismissal. Eight failed exams requires the student to be dismissed."

18. Further the By-Laws in effect at such time provided:

> "Year I failed courses, when passed on the second attempt, will be deleted from the transcript. The course name and the passing grade will appear on the transcription the time period in which the repeat course was completed."

19. Subsequent to the above ruling of the appeal Committee, Plaintiff passed all remaining school exams for the remaining portions of the 2004/2005 academic year and was ranked in the top 25% of his medical school class.

4

20. On September 8, 2005, Plaintiff took the United States Medical Licensing Exam ("USMLE") Step One.

21. During the month of September, 2005, Plaintiff participated in a one month long Family Medicine rotation and scored a high pass grade.

22. In October, 2005, Plaintiff was notified that he had failed the USMLE Step One by one point.

23. Thereafter, Defendant David determined that Plaintiff should appear before the Defendant Committee.

24. The By-Laws in effect on October, 2005 provided:

"Should a student fail the USMLE Step 1 Examination - the clerkship cycle is to be interrupted promptly to begin preparation and to then re-take the exam."

25. Such By-Laws further provided:

"A maximum of three attempts will be allowed for Step 1 of the USMLE. A failed third attempt and that student becomes permanently ineligible to graduate from the College under any circumstances."

26. In December, 2005, Plaintiff appeared before Defendant Committee. At such appearance, Dr. Elizabeth Lee-Ray, a member of the AECOM faculty who had supervised Plaintiff's Family Medicine rotation, as well as Plaintiff's father spoke on Plaintiff's behalf.

27. The By-Laws in effect during the above meeting required that "Minutes will be recorded by staff and a permanent file of minutes will be kept in the office of the Associate Dean for Students."

28. In January, 2006, Plaintiff was advised by Defendant David that a quorum was not present at the December 2005 Committee meeting and that at the January, 2006 meeting of the Committee, which had already been held without Plaintiff's knowledge or participation, the recommendations from the December 2005 meeting were ratified.

29. On February 22, 2006, Plaintiff consulted E. Shalom Feinberg, M.D. a psychiatrist, who is also a member of AECOM staff. Dr. Feinberg diagnosed Plaintiff with Attention Deficit Hyperactivity Disorder, NOS, and Anxiety Disorder, NOS. Continued psychotherapy as well as psychopharmacological treatments were suggested by Dr. Feinberg and medication prescribed.

30. In March, 2006, Plaintiff appeared before the appeal Committee and presented evidence of the above diagnosis by a member of AECOM faculty, and revealed the prescribed medication which he was taking, urged his condition as an explanation of his previous shortcoming and urged that some accommodation be made under these circumstances.

31. At the above meeting, Plaintiff was ridiculed, humiliated and accused of procuring a diagnosis of his condition, which was made by a member of AECOM staff, to serve as an "excuse" for Plaintiff. Dr. Feinberg was not consulted by the Defendant Committee, nor was any further inquiry into Plaintiff's condition made by Defendant Committee. At such meeting, the Defendant Committee determined that Plaintiff should be dismissed from studies at AECOM.

32. Plaintiff instituted the second layer of the appeals process by forwarding an essay to Defendant Spiegel setting forth his arguments for a reversal of Defendant Committee's determination of dismissal.

33. Plaintiff was not afforded an opportunity to meet with Defendant Spiegel, nor did Defendant Spiegel consult with Dr. Feinberg concerning his diagnosis of Plaintiff's condition.

34. In July 2006, Plaintiff was advised by Defendant Spiegel that the determination to dismiss Plaintiff was being upheld. Such decision was memorialized by letter dated July 12, 2006.

35. The By-Laws in effect for the period between the December 2005 meeting and the final determination by Defendant Spiegel provided that reasonable accommodations would be made for students with appropriately diagnosed and documented disabilities, with much of those accommodations applicable to testing related accommodations.

36. Such By-Laws also specifically identify Attention Deficit Hyperactivity Disorder as a disability for which accommodations should be made.

37. The USMLE Step 1 Exam, the exam which served as the basis for Defendants' Committee and Spiegel to dismiss Plaintiff, also provides that testing accommodations will be made for disabled test takers.

**AS AND FOR A FIRST CAUSE OF ACTION
VIOLATION OF DUE PROCESS**

38. Repeats and realleges each and every allegation set forth in

paragraphs 1 through 37 as if more fully set forth herein.

39. Defendants were obligated to comply with the By-Laws in effect for AECOM in addressing Plaintiff's failure of examinations.

40. Defendants failed to comply with such By-Laws by creating a higher standard concerning the number of exams which are to receive a failing grade before Committee action is taken.

41. Defendants failed to comply with such By-Laws by failing to properly consider the evidence presented concerning Plaintiff's condition.

42. Defendants failed to comply with such By-Laws by failing to keep a record of the proceedings held before the Defendant Committee in December, 2005.

43. Defendants failed or refused to permit Plaintiff to present his evidence to the full Committee which met in January, 2006.

44. As a result of the foregoing, Plaintiff was denied his Due Process right to a full and fair hearing and appeal concerning the basis of his dismissal from AECOM.

45. As a result of Defendants' denial to afford Plaintiff Due Process in this matter, Plaintiff has been damaged in an amount to be determined.

### AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF AMERICANS WITH DISABILITIES ACT

46. Repeats and realleges each and every allegation contained in paragraphs 1 through 45 as if more fully set forth herein.

47. Defendant Committee is part of the AECOM which is a public entity as defined in the ADA.

48. Defendant David is an agent/employee of AECOM, and his acts and/or omissions are attributable to AECOM.

49. Defendant Siegel is an agent/employee of AECOM and his acts and omissions are attributable to AECOM.

50. The ADA provides that people with disabilities will be provided meaningful access to the programs and activities of public entities.

51. Plaintiff is a person with a disability as defined by the ADA.

52. Defendants' acts and omissions as alleged are in violation of the ADA by denying Plaintiff meaningful access to the medical school program of AECOM.

53. Defendants knew or should have known of the discriminatory acts and/or omissions engaged in concerning Plaintiff.

54. Defendants intentionally or with deliberate indifference, failed to modify such discriminatory practices to ensure that equal access to AECOM's programs are afforded to Plaintiff and other persons with disabilities.

55. Humiliating and degrading remarks were made to Plaintiff during the March, 2006 Committee meeting, which remarks have resulted in further psychological and emotional distress of Plaintiff.

56. Defendant Spiegel echoed some of the above remarks to Plaintiff when he upheld the Committee's determination to dismiss Plaintiff from studies.

57. Defendant AECOM knew or should have known of the humiliating and degrading comments made by its agents and the discriminatory practices of such agents, yet failed and/or refused to remedy such actions and provide meaningful access to AECOM medical studies to Plaintiff.

58. As a result of the complained of discrimination, Plaintiff has suffered emotional distress, mental anguish and psychological harm including, but not limited to, humiliation, degradation, and depression. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.

59. During the discriminatory process engaged in by Defendants, Plaintiff was denied participation in studies, yet was charged full tuition by Defendant AECOM during such period.

60. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined by this Court.

**WHEREFORE**, Plaintiff respectfully requests judgment:

A. Determining that Defendants' actions violated Plaintiff's right to Due Process;

B. Awarding Plaintiff an appropriate monetary award justified at trial for damages incurred as a result of Defendants' violation of such Due Process rights;

C. Determining that Defendants' actions violate the ADA;

D. Awarding Plaintiff a refund of all tuition paid to Defendant AECOM during the period in which he was denied continued study of medical school curriculum;

E.  Awarding Plaintiff an appropriate monetary award justified at trial for the damages caused by Defendant's violation of the ADA;

F.  Awarding Plaintiff reasonable attorney's fees and costs as a result of Defendants' violation of ADA;

G.  Awarding Plaintiff the costs and disbursements of this action; and

H.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

**DATED:** Garden City, New York
March 13, 2007

By: *[signature]*

KROLL, MOSS & KROLL, LLP

MARTIN N. KROLL (MK-1222)
Attorneys for Plaintiff
400 Garden City Plaza, Suite 310
Garden City, New York 11530
516-873-8000

JKM/kh

Z:\Docs\TYBERG\COMPLAINT-FIN.wpd

11