UNITED STATES DISTRICTCOURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MICHAEL TYBERG,

            Plaintiff

    -against-

ALBERT EINSTEIN COLLEGE OF MEDICINE OF
YESHIVA UNIVERSITY, ALBERT EINSTEIN
COLLEGE OF MEDICINE OF YESHIVA UNIVERSITY
COMMITTEE ON STUDENT PROMOTIONS AND
PROFESSIONAL STANDARDS, JAMES DAVID, M.D.,
and ALLEN M. SPIEGEL, M.D.,

            Defendants
------------------------------------------------------------ X

Case No.: 07 CV 2262

ANSWER

      Defendants Albert Einstein College of Medicine of Yeshiva University ("AECOM"), Albert Einstein College of Medicine of Yeshiva University Committee on Student Promotions and Professional Standards, (the "Committee"), James David, M.D., and Allen M. Spiegel, M.D. ("Defendants"), by their attorneys Sive, Paget & Riesel, P.C., hereby answer the Complaint as follows:

    1.    Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph "1" of the Complaint.

    2.    Admit that AECOM is a medical school located in Bronx and New York Counties within the State of New York, and deny the remaining factual allegations set forth in Paragraph "2" of the Complaint.

    3.    Deny the allegations set forth in Paragraph "3" of the Complaint.

4.  Admit that James David is a medical doctor with a business address in Bronx County and that he is the Associate Dean for Students of AECOM, and deny the remaining factual allegations set forth in Paragraph "4" of the Complaint.

5.  Admit that Allen M. Spiegel is a medical doctor with a business address in Bronx County and that he is The Marilyn & Stanley M. Katz Dean of AECOM, and deny the remaining factual allegations set forth in Paragraph "5" of the Complaint.

6.  Paragraph "6" contains legal conclusions to which no answer is required. Defendants respectfully refer all questions of law, including questions as to jurisdictional matters, to the Court.

7.  Paragraph "7" contains legal conclusions to which no answer is required. Defendants respectfully refer all questions of law, including questions as to jurisdictional matters, to the Court.

8.  Admit the allegations set forth in Paragraph "8" of the Complaint.

9.  Admit the allegations set forth in Paragraph "9" of the Complaint.

10. Admit that Michael Tyberg ("Plaintiff") failed a course during the 2002/2003 school year and that Defendants put Plaintiff on a decelerated medical school program, but state that after failing the make-up exam, Plaintiff was required to repeat the second half of the failed course and re-take three exams, one of which he failed. State that Plaintiff failed at least seven exams during the 2002/2003 school year and only "passed" Histology and Renal courses on account of passing make-up exams.

11. Admit that Plaintiff was placed into a deceleration program, but state that the federal loan checks received by AECOM were payable to both AECOM and Tyberg and that Plaintiff endorsed all such checks.

12. Admit the allegations set forth in Paragraph "12" of the Complaint.

13. Admit the allegations set forth in Paragraph "13" of the Complaint.

14. Admit that a letter from Dr. Victor Solomon was presented to the Committee, and deny knowledge or information sufficient to form an opinion as to the truth of the remaining factual allegations set forth in Paragraph "14" of the Complaint.

15. Admit the allegations set forth in Paragraph "15" of the Complaint.

16. Admit the allegations set forth in Paragraph "16" of the Complaint.

17. Neither admit nor deny the allegations set forth in Paragraph "17" of the Complaint, but beg leave to refer to the By-Laws for their content.

18. Neither admit nor deny the allegations set forth in Paragraph "18" of the Complaint, but beg leave to refer to the By-Laws for their content.

19. Admit that Plaintiff passed all remaining school exams for the remaining portions of the 2004/2005 academic year, and deny the remaining factual allegations set forth in Paragraph "19" of the Complaint.

20. Admit the allegations set forth in Paragraph "20" of the Complaint.

21. Admit the allegations set forth in Paragraph "21" of the Complaint.

22. Admit that Plaintiff failed the USMLE Step One, and deny knowledge or information sufficient to form an opinion as to the truth of the remaining factual allegations set forth in Paragraph "22" of the Complaint.

23. Admit the allegations set forth in Paragraph "23" of the Complaint.

24. Neither admit nor deny the allegations set forth in Paragraph "24" of the Complaint, but beg leave to refer to the By-Laws for their content.

25. Neither admit nor deny the allegations set forth in Paragraph "25" of the Complaint, but beg leave to refer to the By-Laws for their content.

26. Admit the allegations set forth in Paragraph "26" of the Complaint.

27. Neither admit nor deny the allegations set forth in Paragraph "27" of the Complaint, but beg leave to refer to the By-Laws for their content.

28. Admit the allegations set forth in Paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph "29" of the Complaint.

30. Admit that Plaintiff appeared before and made a presentation to the Committee, and deny the remaining factual allegations set forth in Paragraph "30" of the Complaint.

31. Admit that the Committee determined that the Plaintiff should be dismissed from studies at AECOM, and deny the remaining factual allegations set forth in Paragraph "31" of the Complaint.

32. Admit the allegations set forth in Paragraph "32" of the Complaint.

33. Admit the allegations set forth in Paragraph "33" of the Complaint.

34. Admit the allegations set forth in Paragraph "34" of the Complaint.

35. Admit the allegations set forth in Paragraph "35" of the Complaint.

36. Admit the allegations set forth in Paragraph "36" of the Complaint.

37. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph "37" of the Complaint.

38. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "37" of the Complaint.

39. Admit the allegations set forth in Paragraph "39" of the Complaint to the extent that Defendants have an obligation to substantially comply with applicable AECOM By-Laws.

40. Deny the allegations set forth in Paragraph "40" of the Complaint.

41. Deny the allegations set forth in Paragraph "41" of the Complaint.

42. Deny the allegations set forth in Paragraph "42" of the Complaint.

43. Deny the allegations set forth in Paragraph "43" of the Complaint.

44. Deny the allegations set forth in Paragraph "44" of the Complaint.

45. Deny the allegations set forth in Paragraph "45" of the Complaint.

46. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "45" of the Complaint.

47. Admit that the Committee is part of AECOM, and deny the remaining factual allegations set forth in Paragraph "47" of the Complaint.

48. Admit that Defendant James David is an employee of AECOM, and deny the remaining factual allegations set forth in Paragraph "48" of the Complaint.

49. Admit that Defendant Allen M. Spiegel is an employee of AECOM, and deny the remaining factual allegations set forth in Paragraph "49" of the Complaint.

50. Paragraph "50" sets forth a legal conclusion and does not allege any facts for which an answer is required.

51. Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph "51" of the Complaint.

52. Deny the allegations set forth in Paragraph "52" of the Complaint.

53. Deny the allegations set forth in Paragraph "53" of the Complaint.

54. Deny the allegations set forth in Paragraph "54" of the Complaint.

55. Deny the allegations set forth in Paragraph "55" of the Complaint.

56. Deny the allegations set forth in Paragraph "56" of the Complaint.

57. Deny the allegations set forth in Paragraph "57" of the Complaint.

58. Deny the allegations set forth in Paragraph "58" of the Complaint.

59. Deny the allegations set forth in Paragraph "59" of the Complaint.

60. Deny the allegations set forth in Paragraph "60" of the Complaint.

61. Deny each and every other allegation set forth in the Complaint.

### FIRST DEFENSE

62. Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

63. Plaintiff's first "Cause of Action" is barred by the applicable statute of limitations.

### THIRD DEFENSE

64. Plaintiff failed to follow the applicable AECOM rules for establishing an entitlement to testing accommodations, and raised such a claim after he had failed the test that led to his expulsion.

65. AECOM accommodates students with Attention Deficit Hyperactivity Disorder ("ADHD"). However, plaintiff did not alert AECOM to his alleged ADHD diagnosis until the last possible step of the appeals process.

### FOURTH DEFENSE

66. Plaintiff's claim for monetary damages under his second "Cause of Action" is precluded under Title III of the ADA, 42 U.S.C. §§ 12181, et seq.

WHEREFORE, Defendants should have judgment dismissing the Complaint and for such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
      April 5, 2007

                    Yours, etc.,

                    SIVE, PAGET & RIESEL, P.C.
                    Attorneys for Defendants
                    Albert Einstein College of Medicine of
                    Yeshiva University, Albert Einstein
                    College of Medicine of Yeshiva
                    University Committee on Student
                    Promotions and Professional Standards,
                    James David, M.D., and Allen M. Spiegel,
                    M.D.

By: _____
      Daniel Riesel (DR 9777)
      (A member of the Firm)
      460 Park Avenue
      New York, New York 10022
      (212) 421-2150

TO:

KROLL, MOSS & KROLL, LLP
Attorneys for Plaintiff
ATTN: MARTIN N. KROLL
400 Garden City Plaza, Suite 310
Garden City, New York 11530
(516) 873-8000

P:\5998\Tyberg Answer - final.doc