USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/08

# SIVE, PAGET & RIESEL, P.C.

460 PARK AVENUE

NEW YORK, NEW YORK 10022-1906

TELEPHONE: (212) 421-2150
FACSIMILE: (212) 421-1891

STEVEN BARSHOV
MICHAEL S. BOGIN
PAUL D. CASOWITZ*
MARK A. CHERTOK
PAMELA R. ESTERMAN*
JEFFREY B. GRACER
DAVID PAGET
DANIEL RIESEL
STEVEN C. RUSSO
DAVID S. YUDELSON

*ALSO ADMITTED IN NJ

DAVID SIVE (RET.)
JENNIFER L. COGHLAN
CHRISTINE M. LEAS
ASHLEY S. MILLER
ELIZABETH A. READ

ARTHUR J. JACOBSON
COUNSEL

WEB SITE: www.sprlaw.com
E-MAIL: sprlaw@sprlaw.com

FEB 29 2008

February 28, 2008

VIA FEDERAL EXPRESS

**MEMO ENDORSED**

Honorable William H. Pauley III
U.S. District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, NY 10007

Application granted.

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.
3/5/08

Re: Request for pre-motion conference in *Tyberg v. Albert Einstein College of Medicine of Yeshiva University, et al.*, No. 07-CV-2262

Your Honor:

The pre-motion conference shall take place on March 13, 2008 at 10:00 am.

We represent defendants Albert Einstein College of Medicine of Yeshiva University ("AECOM"), Albert Einstein College of Medicine of Yeshiva University Committee on Student Promotions and Professional Standards (the "Committee"), James David, M.D., and Allen M. Spiegel, M.D. (collectively, the "Defendants") in the above-referenced action.

We respectfully request a pre-motion conference to discuss our anticipated motion for summary judgment to dismiss the Complaint for failure to state a claim upon which relief can be granted. The Complaint alleges that AECOM's termination of plaintiff's student status because he had failed ten medical school exams constitutes violations of due process and the Americans with Disabilities Act ("ADA"). However, Plaintiff cannot point to any facts, contested or otherwise, which would support these claims.

As the undisputed facts show, plaintiff Michael Tyberg ("Plaintiff") was dismissed from AECOM after failing ten exams, a number that mandates student dismissal under the school's academic policies (the relevant policies require dismissal after eight failures). Prior to his dismissal, Plaintiff was afforded multiple hearings before the Committee in accordance with AECOM By-Laws, at which hearings he offered myriad personal circumstances as explanations for his continued academic failure. The Committee, however, determined that the excessive number of failed exams warranted Plaintiff's dismissal. After he had already failed ten exams and after the Committee had recommended his dismissal to the Dean, Plaintiff raised the issue of an Attention Deficit/Hyperactivity Disorder during his appeal of the Committee's decision.

**SIVE, PAGET & RIESEL, P.C.**

February 28, 2008
Page 2

     While Plaintiff now claims that AECOM failed to accommodate his disability, at no time prior to his failure of the ten exams did Plaintiff ever request accommodation for a disability. A medical school cannot be held liable under Title III of the ADA where such entity had no knowledge of the alleged disability. Moreover, the ADA does not require "retroactive accommodation", such as the reconsideration of a determination to dismiss a student for academic reasons. Ferrell v. Howard Univ., 1999 WL 15181759, *5 (D.D.C. Dec. 2, 1999) (ADA does not require reconsideration of a medical school's decision to dismiss a student for repeated exam failures; such reconsideration would constitute a "*post hoc* exception", not an ADA accommodation).

     As to Plaintiff's "due process" claim, AECOM is a private educational institution, not a state actor or a private party acting "under the color of state law". Therefore, Plaintiff claim is facially deficient. Furthermore, the proceedings leading up to Plaintiff's dismissal were conducted in full compliance with applicable procedure and have been well documented, leaving no question as to the propriety of Plaintiff's dismissal. Plaintiff does not allege that these proceedings were infected by bias, not does he dispute the documentation of such proceedings in the record.

     Despite Plaintiff's characterization of his "causes of action" as due process and civil rights violations, the essential nature of his claim is that of a challenge to the academic determination by a medical school. Therefore, the four-month statute of limitations articulated in New York State's Civil Practice Law and Rules ("CPLR") § 217(1) applies. Plaintiff's dismissal from AECOM was final on July 12, 2006. He filed this complaint over eight months later on March 16, 2007. Therefore, the action is time-barred.

     The facts are established by (i) the written By-Laws of AECOM; (ii) the record of proceedings before the Committee; (iii) the appeal to the Dean; and (iv) the Dean's written decision. The time period for discovery has expired. During that period Plaintiff made no response to Defendants' discovery requests, served no discovery requests of his own, identified no experts, and failed to make the requisite initial disclosures. Plaintiff's failure to utilize discovery to identify any factual issues confirms the absence of such issues.

     Therefore, we respectfully request a pre-motion conference to discuss the above-mentioned legal issues prior to submitting our motion for summary judgment.

                                     Respectfully,

                                     Daniel Riesel

cc:   Martin N. Kroll, Esq.
P:\5998\Tyberg Pre-Motion Conf letter 2-28-8.doc