UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MICHAEL TYBERG,

          Plaintiff,

          -against-

ALBERT EINSTEIN COLLEGE OF MEDICINE OF
YESHIVA UNIVERSITY, ALBERT EINSTEIN
COLLEGE OF MEDICINE OF YESHIVA UNIVERSITY
COMMITTEE ON STUDENT PROMOTIONS AND
PROFESSIONAL STANDARDS, JAMES DAVID, M.D.,
and ALLEN M. SPIEGEL, M.D.,

          Defendants.
------------------------------------------------------------ X

Case No.: 07 CV 2262
(Pauley, J.)

STATEMENT PURSUANT
TO LOCAL RULE 56.1

      Pursuant to Rule 56.1 of the Local Rules of the Southern District of New York, defendants Albert Einstein College of Medicine of Yeshiva University ("AECOM"), Albert Einstein College of Medicine of Yeshiva University Committee on Student Promotions and Professional Standards (the "Committee"), James David, M.D., and Allen M. Spiegel, M.D. (collectively, "Defendants"), submit this statement of material facts as to which they contend there are no genuine issues to be tried.

      1.     Plaintiff Michael Tyberg ("Plaintiff"), matriculated as a first-year medical student at AECOM beginning in August 2002 and, as an AECOM student, was subject to the academic standards and enforcement procedures articulated in the By-Laws. (Affidavit of Nadine T. Katz, sworn to March 31, 2008 ("Katz Aff."), Ex. A.)

      2.     AECOM By-Laws provide for dismissal after seven exam failures and require dismissal after eight failures. (Katz Aff., Ex. A at § IV.D.14.)

      3.     The Committee on Student Promotions and Professional Standards is the group of faculty and students responsible for monitoring the academic progress and professional development of students and enforcing the academic standards set forth in the By-Laws of the

medical school. (Katz Aff., Ex. A at §§ I, III.) Upon a final Committee recommendation, a student may appeal such recommendation at the next Committee meeting. Following such appeal before the Committee, students are afforded the opportunity to a second level of appeal to the Dean. (Id. at § IV.)

4. During Plaintiff's first year at AECOM he failed seven medical school exams and failed his Molecular and Cellular Foundations of Medicine ("MCFM") course. (Katz Aff., Ex. B.) Because of the numerous failures of his first year, Plaintiff's second year course-load was reduced. (Katz Aff., Ex. C.)

5. During his second year, Plaintiff failed two more exams (Katz Aff., Ex. B), and thus, his schedule was further decelerated. (Katz Aff., Ex. D.)

6. Plaintiff first appeared before the Committee at the Committee's May 17, 2004 meeting. (Katz Aff., Ex. E.) Plaintiff attributed his nine exam failures to a variety of personal issues, e.g., time commitment to a sick relative, commute to school, engagement, and marriage. (Katz Aff., Ex. F.) Plaintiff did not notify AECOM of any disability and did not request any accommodation at the May 17, 2004 Committee meeting. (Id.)

7. After consideration of Plaintiff's poor academic performance and his statement regarding the reasons for such performance, the Committee determined that Plaintiff's nine exam failures warranted his dismissal. (Katz Aff., Ex. E.)

8. Plaintiff appealed the Committee's determination at the Committee's July 19, 2004 meeting, again invoking "mitigating circumstances" of a personal nature for his repeated failures. (Katz Aff., Exs. H, I.) The Committee reversed its decision and allowed Plaintiff to continue at AECOM on the condition that he pass all future exams. (Katz Aff., Ex. H.)

9. On September 8, 2005, Plaintiff failed another exam—the United States Medical Licensing Exam ("USMLE") Step 1, (Katz Aff., Ex. K)—and his academic record was once again examined by the Committee at its December 19, 2005 meeting. (Katz Aff., Ex. L.)

10. At the December 19, 2005 Committee meeting, Plaintiff reiterated explanations of familial obligation, his engagement and subsequent marital stress, and offered the additional

excuses of his misunderstanding of the medical school's rules, an unreliable study partner, his decision not to enroll in commercial examination preparation course, and his underestimation of exam difficulty. (Katz Aff., Ex. M.) Plaintiff did not indicate that he had a disability and did not request any accommodation at the December 19th Committee meeting. (Id.)

11. After consideration of Plaintiff's academic record, the Committee decided that his repeated failures warranted his dismissal. (Katz Aff., Ex. L.) As the Committee lacked a quorum of voting members at the December 19th meeting, it reconvened, reconsidered and issued its final determination to dismiss Plaintiff at its next meeting, on January 23, 2006. (Id.)

12. At the Committee's March 27, 2006 meeting, Plaintiff again appealed the Committee's dismissal decision, admitting that he had been unprepared for the USMLE Step 1 exam. (Katz Aff., Exs. O, P.)

13. After delivering his statement and answering the questions of the Committee, Plaintiff produced a letter from Dr. Shalom Feinberg, which stated that Plaintiff "appears to meet DSM-IV criteria for Attention Deficit/ Hyperactivity Disorder, NOS." (Katz Aff., Ex. Q.)

14. Attention Deficit/Hyperactivity Disorder, NOS ("Not Otherwise Specified") refers to a category of disorders "with prominent symptoms of inattention or hyperactivity-impulsivity that do not meet criteria for Attention-Deficit/Hyperactivity Disorder." Amer. Psychiatric Ass'n, Diagnostic and Statistical Manual for Mental Disorders: DSM-IV, 85 (4th ed. 1994).

15. On March 27, 2006, the Committee rejected Plaintiff's appeal and voted to uphold its prior determination that Plaintiff be withdrawn from the medical school. (Katz Aff., Ex. O.)

16. On June 30, 2006, Plaintiff made a further appeal in a written statement to Dean Allen M. Spiegel. (Katz Aff., Ex. K.)

17. Dean Spiegel, after reviewing all submissions by Plaintiff, Plaintiff's academic record, and the records of relevant Committee proceedings, rejected Plaintiff's letter appeal and upheld the Committee's recommendation for dismissal. (Katz Aff., Ex. T.) Dean Spiegel based his decision on the fact that neither the Americans with Disabilities Act ("ADA") nor the By-

Laws of the medical school entitle a student to "retroactive examination accommodations or similar post hoc entitlements." (Id.)

18. AECOM's By-Laws provide for ADA-required reasonable accommodation for students with disabilities, including students with Attention-Deficit/Hyperactivity Disorder. (Katz Aff., Ex. A at § VII.) Those provisions require that students seeking such accommodation follow AECOM's procedures for requesting accommodation. (Id.) Plaintiff never made such a request.

Dated: New York, New York
April 1, 2008

                                      SIVE, PAGET & RIESEL, P.C.
                                      Attorneys for Defendants

                                      By: /s/ Daniel Riesel
                                           Daniel Riesel (DR-9777)
                                           460 Park Avenue
                                           New York, New York 10022
                                           (212) 421-2150

To:   Martin N. Kroll
       Kroll, Moss & Kroll, LLP
       400 Garden City Plaza, Suite 310
       Garden City, New York 11530
       (516) 873-8000